**MARQUEZ BROTHERS ENTERPRISES, INC.,** Petitioner

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 14-1305
Consolidated with 15-1061
September Term, 2015

United States Court of Appeals, District of Columbia Circuit.

Filed On: May 19, 2016

Matthew Frederick Nieman, Esquire, Jackson Lewis PC, Reston, VA, Jonathan Andrew Siegel, Attorney, Jackson Lewis PC, Newport Beach, CA, for Petitioner.

Linda Dreeben, Deputy Associate General Counsel, John H. Ferguson, Associate General Counsel, David S. Habenstreit, National Labor Relations Board, (NLRB) Appellate and Supreme Court Litigation Branch, Washington, DC, for Respondent.

Before: Tatel, Brown and Griffith, Circuit Judges.

## *JUDGMENT*

Per Curiam

These petitions for review were considered on the record from the National Labor Relations Board and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED and ADJUDGED** that the petition for review be denied and the Board's cross-application for enforcement be granted.

Petitioner challenges the National Labor Relations Board's conclusion that it committed unfair labor practices in violation of the National Labor Relations Act (NLRA) when it terminated two employees. Specifically, petitioner argues that the Board incorrectly concluded that it had knowledge of both employees' union activities, that one employee's supervisor interrogated him about his union participation and threatened him with recrimination, that it coerced employees when its supervisors distributed union-card-revocation documents, and that antiunion animus motivated its decision to terminate the employees. In reviewing the Board's conclusions, we may reverse "only when the record is so compelling that no reasonable factfinder could fail to find to the contrary." *United Steelworkers of America v. NLRB*, 983 F.2d 240, 244 (D.C. Cir. 1993) (internal quotation marks omitted). Petitioner points to nothing in the Board's decision that meets this standard.

■ Petitioner has forfeited its remaining three claims. It first objects to the Board's imposition of a read-aloud notice remedy. But as the Board points out, petitioner failed to either respond to the Acting General Counsel's cross-exceptions seeking that remedy or file a motion for reconsideration on that issue. *See Health-Bridge Management, LLC v. NLRB*, 798 F.3d 1059, 1069 (D.C. Cir. 2015) ("Under section 10(e) of the Act, '[n]o objection that has not been urged before the Board ... shall be considered by the court,' absent extraordinary circumstances." (alterations in original) (quoting 29 U.S.C. § 160(e))).

■ Second, petitioner argues that Acting General Counsel Lafe Solomon's service violated the Federal Vacancies Reform Act (FVRA). Again, petitioner never presented this issue to the Board. Relying on our decision in *SSC Mystic Operating Co. v. NLRB*, 801 F.3d 302, 308 (D.C. Cir.

2015), in which we considered a previously unraised challenge to a regional director's authority to conduct elections while the Board lacked a quorum, petitioner argues that we have jurisdiction to consider this issue because its challenge is based on the agency's lack of authority to act. In *SW General, Inc. v. NLRB*, 796 F.3d 67, 82 (D.C. Cir. 2015), however, we strongly suggested that a challenge to the Acting General Counsel's authority was not jurisdictional when we "emphasize[d] the narrowness of our decision" that Solomon's service violated the FVRA. We explained that

> this case is not Son of *Noel Canning* and we do not expect it to retroactively undermine a host of NLRB decisions. We address the FVRA objection in this case because the petitioner raised the issue in its exceptions to the ALJ decision as a defense to an ongoing enforcement proceeding. We doubt that an employer that failed to timely raise an FVRA objection—regardless whether enforcement proceedings are ongoing or concluded—will enjoy the same success.

*Id.* at 82–83. Because petitioner's challenge is not "based on the agency's lack of authority to take any action at all," as was the case in *SSC Mystic*, but instead attacks the service of a single officer, our typical NLRA exhaustion doctrine applies, as we recognized in *SW General*.

■ Finally, petitioner forfeited its argument that the Board's backpay award should be tolled. Petitioner's broad exception to the administrative law judge's remedy did not provide the Board with sufficient notice of its particular argument, *see Alwin Manufacturing Co. v. NLRB*, 192 F.3d 133, 144 (D.C. Cir. 1999), and petitioner presents no persuasive argument that extraordinary circumstances excuse this failure.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.